IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GEORGE LYONS,

    Plaintiff,

v.                                         CASE NO. 5:11-cv-286-MP-GRJ

SHELINA PETERSON, et al.,

    Defendants.

_____/

## ORDER

This matter is before the Court on Plaintiff's *pro se* Complaint. (Doc. 1.) Plaintiff, a prisoner in the custody of the Florida Department of Corrections ("FDOC"), filed his Complaint on the Court's civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983. From a review of the Complaint, it is evident the facts as presented fail to state a claim upon which relief can be granted with respect to certain of the claims Plaintiff wishes to bring. Plaintiff will therefore be given an opportunity to amend his Complaint.

## I. BACKGROUND AND FACTS

Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against Defendants Walter McNeil, former Secretary of the FDOC, and correctional officers Shelina Peterson, Jessica Valverde and other unnamed officials at Jackson Correctional Institution ("Jackson CI") in Malone, Florida.

According to the factual allegations in the Complaint, Officer Jessica Valverde wrote a disciplinary report against Plaintiff in May 2007. Plaintiff apparently directed some derogatory language at Valverde in response to the disciplinary report.

Disciplinary charges were filed against Plaintiff as a result of the disciplinary report and he was placed in administrative confinement. Plaintiff alleges Valverde then decided to inventory Plaintiff's personal property and confiscate some of his property in retaliation for the derogatory language Plaintiff used against her. The items taken from Plaintiff included two rubber handballs, gym shorts, a sweatshirt, a watch and a dictionary.

While in administrative confinement for the charges brought against him as a result of the disciplinary report written by Officer Valverde, Plaintiff wrote letters to both the Warden of Jackson CI and Defendant Shelina Peterson, the property sergeant at Jackson CI, in which he complained about the confiscation of his property by Valverde. Plaintiff received no response to either of these inquiries.

After being released from administrative confinement Plaintiff visited the property room and inquired about the property that had been confiscated. Defendant Peterson instructed Plaintiff never to ask her about this matter again and then purportedly altered property room records to make it appear as if the property was rightfully confiscated from Plaintiff and then destroyed. Plaintiff then filed a series of unsuccessful grievances in response to the confiscation of his property, which were all denied.

On November 1, 2007, Plaintiff filed a tort claim in Florida state court in connection with the confiscated property. Plaintiff claims the Clerk of Court of the Circuit Court in and for the Fourteenth Judicial Circuit in Jackson County would not process his complaint despite Plaintiff qualifying for indigent status under that court's indigency requirements. Plaintiff then filed a mandamus action in the First District Court of Appeal, which allegedly sent him an order instructing him to serve the Defendants. Plaintiff was under the impression he was required to serve each Defendant personally.

Consequently, Plaintiff took copies of his tort claim to the mailroom at Jackson CI on March 19, 2008 for delivery to each Defendant. The next day, March 20, 2008, Plaintiff was called to the Central Gate at Jackson CI, where he was handcuffed and then placed in disciplinary confinement. After Plaintiff was placed in disciplinary confinement, Plaintiff alleges he was assaulted by correctional officers and then a false disciplinary report was written against him alleging that he had verbally threatened a correctional officer. Plaintiff claims these actions were in retaliation for the tort claim action he filed in state court. His state court tort claim action was dismissed with prejudice when the Circuit Court for the Fourteenth Judicial Court granted summary judgment to the Defendants. Plaintiff then appealed this ruling, which was upheld on appeal by the First District Court of Appeal.

In his Complaint, Plaintiff states that his claims in this case are for deprivation of his personal property without due process, retaliation for pursuing his First Amendment right to file lawsuits, and for deprivation of his right to petition the government for redress of his grievances. Plaintiff seeks monetary damages and restoration of 130 days of gain time.

## II. <u>STANDARD OF REVIEW</u>

The Court must screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A mandates the Court must independently review all cases brought by prisoners against government entities or employees. The Court is further directed by section 1915A to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A.

Plaintiff filed his Complaint on the civil rights complaint form to be used by prisoners in actions under 42 U.S.C. § 1983.  A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting "under color of state law."  Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992)(citing Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56 (1978)).  A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state.  Edwards v. Wallace Community College, 49 F.3d 1517, 1522 (11th Cir. 1995)(citing West v. Atkins, 487 U.S. 42, 48-50 (1988)).  "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual."  Id. at 1523 (citing Monroe v. Pape, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by* Monell v. Department of Social Servs., 436 U.S. 658 (1978))).

### III. DISCUSSION

Plaintiff's Complaint purports to bring several federal constitutional claims against the Defendants.  The Court will address the sufficiency of each of Plaintiff's claims below.

### A.     The Confiscation of Plaintiff's Property

Plaintiff alleges he was deprived of his personal property without due process in retaliation for a derogatory comment he made to Defendant Valverde.  The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. Daniels v. Williams, 474 U.S. 327, 330, 333 (1986) (holding that the Due Process Clause is not implicated by a state official's

negligent act causing unintended loss of or injury to life, liberty, or property). The Supreme Court has further held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). The State of Florida provides Plaintiff with an adequate post-deprivation remedy for the loss of his property. Prisoners may file a tort claim action in state court in order to recover damages for property losses. *See* FLA. STAT. § 768.28 (2011). Because Plaintiff has access to an adequate post-deprivation remedy, no procedural due process violation has occurred. *See* Case v. Eslinger, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.")(quoting Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991).

Plaintiff had access to an adequate post-deprivation remedy in connection with the confiscation of his property by Defendant Valverde.  Plaintiff was aware of this remedy, as evidenced by the fact he admits filing a tort claim in state court regarding the confiscated property. Accordingly, Plaintiff cannot maintain a due process claim for deprivation of his property and there he should delete this claim in amending his Complaint.

B.     **Plaintiff's First Amendment Claim**

In the Complaint, Plaintiff also alleges the Defendants violated his First Amendment rights.  Prisoners have a constitutional right of access to courts.  Barbour v.

Haley, 471 F.3d 1222, 1225 (11th Cir. 2006).  "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Prison officials cannot retaliate against prisoners for exercising their right to free speech, a right which includes the ability to complain to prison officials about the prisoner's conditions of incarceration.  O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011)(*per curiam*).  Plaintiff alleges that several unnamed correctional officers at Jackson CI filed false disciplinary charges and assaulted Plaintiff in response to the lawsuit Plaintiff filed in state court.  Plaintiff has provided facts sufficient to state a First Amendment claim, but he must specifically allege which correctional officers at Jackson CI retaliated against him for filing a lawsuit in order to be able to proceed on this claim.e Each of those correctional officers should be included as defendants in his Amended Complaint.

**C.    Plaintiff's  Claims**

Although Plaintiff has not included in his Complaint the state courts or any individuals associated with the state courts as defendants, Plaintiff alleges that the state trial court and the state court of appeals violated his right to petition the government for redress of his grievances by granting the Defendants summary judgment and dismissing his state court tort claim action with prejudice. These claims are not viable and should not be included in the amended complaint.

While Prisoners have a First Amendment right to petition the government for redress of their grievances,  Johnson v. Avery, 393 U.S. 483, 490 (1969), pursuant to

the *Rooker-Feldman* doctrine Plaintiff cannot maintain a claim in federal court challenging the decision of a state court. Under the *Rooker-Feldman* doctrine, federal courts are not permitted to conduct appellate review of state court rulings. *See* <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983) ("According to the *Rooker–Feldman* doctrine, United States district courts do not have subject matter jurisdiction to review the judgments of a state court."). Thus, under *Rooker-Feldman* this Court cannot review the decision of the state court granting summary judgment against Plaintiff in his state tort claim action. Accordingly, Plaintiff should delete in his amended complaint reference to any claim challenging the decision of the state court.

### D.    Plaintiff's Allegations Against Defendant McNeil

To establish liability under 42 U.S.C. § 1983, Plaintiff must show an affirmative causal connection between each Defendant's conduct and the constitutional deprivation. <u>Tittle v. Jefferson County Comm'n</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994). "[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." <u>West v. Tillman</u>, 496 F.3d 1321, 1328 (11th Cir. 2007). To state a claim against a supervisory defendant, a plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct. <u>Id.</u>

Plaintiff has not included any allegations establishing Defendant McNeil participated in any manner whatsoever in the events described in the Complaint. McNeil's position as Secretary of the FDOC at the time Plaintiff's property was seized is, standing alone, insufficient to make McNeil liable under Section 1983. Accordingly, Plaintiff should delete McNeil as a Defendant in amending his Complaint unless he can allege sufficient fact showing that McNeil directly participated in the violation of Plaintiff's federal constitutional rights.

### E.     Plaintiff's Request for Restoration of Gain Time

In addition to monetary damages, Plaintiff also includes in his Complaint a request that the Court restore 130 days of gain time. The sole federal remedy for a state prisoner seeking restoration of gain time is a federal writ of habeas corpus. <u>Hale v. Sec'y. Dept. Of Corr.</u>, 345 Fed. Appx. 489, 492 (11th Cir. 2009)(*per curiam*). Accordingly, Plaintiff should delete the requested for this relief from his Amended Complaint, as this relief cannot be granted in a section 1983 lawsuit.

### IV. <u>CONCLUSION</u>

In light of Plaintiff's *pro se* status, the Court will permit Plaintiff an opportunity to amend his Complaint to name the proper Defendants and to eliminate claims that are not viable. To amend his Complaint, Plaintiff should <u>completely</u> fill out a new civil rights complaint form, marking it "Amended Complaint." An amended complaint completely replaces all previous complaints and all earlier complaints are disregarded. N.D. Fla. Loc. R. 15.1. Plaintiff should file his First Amended Complaint with the Clerk of the Court and keep one identical copy for himself.

*Case No: 5:11-cv-286-MP-GRJ*

Accordingly, it is **ORDERED:**

1. The **Clerk** is directed to send the Plaintiff a blank civil rights complaint form for prisoner litigants for actions arising under 42 U.S.C. § 1983, which he shall complete in full and file on or before **December 16, 2011.**

2. Failure to comply with this Order in the allotted time will result in a recommendation to the district judge that this cause be dismissed.

**DONE AND ORDERED** this 23rd day of November, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge