IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GEORGE LYONS,

    Plaintiff,

v.                                        CASE NO. 5:11-cv-286-MP-GRJ

SHELINA PETERSON, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' Motion To Dismiss (Doc. 22). Plaintiff has filed a response (Doc. 28), and therefore the motion is ripe for review. For the reasons discussed below, the undersigned recommends that the motion be granted.

### I. Introduction

In his Second Amended Complaint, Doc. 10, Plaintiff attempts to bring claims under 42 U.S.C. § 1983 against correctional officers Shelina Peterson, Jessica Valverde, Michael Dillard, and Officer Smith at Jackson Correctional Institution ("Jackson CI") in Malone, Florida.

According to the factual allegations in the Complaint, Officer Jessica Valverde wrote a disciplinary report against Plaintiff in May 2007. Plaintiff apparently directed some derogatory language at Officer Valverde in response to the disciplinary report. Disciplinary charges were filed against Plaintiff as a result of the disciplinary report and he was placed in administrative confinement. Plaintiff alleges that the disciplinary charges filed by Officer Valverde were false. Plaintiff alleges Officer Valverde then had some of his property confiscated in retaliation for the derogatory language Plaintiff used

against her.

Plaintiff alleges that Defendant Shelina Peterson, the property sergeant at Jackson CI, destroyed his personal property in retaliation for the derogatory language that he had used against Officer Valverde.

In March 2008, Plaintiff was called to the Central Gate at Jackson CI, where he was handcuffed and then placed in disciplinary confinement. After Plaintiff was placed in disciplinary confinement, Plaintiff alleges he was knocked down and kicked by Sergeant Michael Dillard and Officer Smith, resulting in a scar on the back of his head and above his eyes. Plaintiff claims these actions were in retaliation for the lawsuit he filed in state court against Officer Valverde and Sgt. Peterson.

Plaintiff alleges that following the beating, Sgt. Dillard filed a false disciplinary report against him for "spoken threat," again in retaliation for the lawsuit he filed in state court against Officer Valverde and Sgt. Peterson.

In his Second Amended Complaint, Plaintiff states that his claims in this case are as follows: against Officer Valverde and Sgt. Peterson, for violating his First Amendment rights by retaliating against him for using derogatory language; and against Sgt. Dillard and Officer Smith, for violating his First and Eighth Amendment rights by retaliating against him for filing lawsuits by beating him and denying him medical treatment to cover up the beating. Plaintiff seeks $25,000 in compensatory and punitive damages.

## II. DEFENDANTS' MOTION TO DISMISS

Defendants contend that dismissal of the complaint is warranted on the following grounds: (1) Defendants are entitled to Eleventh Amendment immunity for claims

against them in their official capacities; (2) Plaintiff's claims against Officer Valverde and Sgt. Peterson are barred by the statute of limitations; (3) Plaintiff's claims related to the disciplinary reports are *Heck*-barred; (4) Plaintiff failed to exhaust his administrative remedies prior to filing suit; and (5) Plaintiff had "three strikes" prior to filing the instant lawsuit. (Doc. 22.)

### III. <u>STANDARD OF REVIEW</u>

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts

consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[1]

## IV. DISCUSSION

### *Eleventh Amendment Immunity*

Defendants request dismissal of Plaintiff's claims against them in their official capacities. The law is well settled that a suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will .v Michigan Dep't. of State Police*, 491 U.S. 58, 71 (1989). Therefore, under the Eleventh Amendment when state officials are sued for damages in their official capacity, the state officials are immune from suit in federal court. *Jackson v. Georgia Dep't. of Transp.*, 16 F.3d 1573, 1575 (11th Cir. 1994). In his response to the motion to dismiss, Plaintiff asserts that he intended to sue Defendants in their individual capacities only, not in their official capacities. (Doc. 28, at 6.)

### *Statute of Limitations*

A federal § 1983 claim is governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir.

---

[1]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

1999), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton*, 178 F.3d at 1188, *citing Baker v. Gulf & Western Indus., Inc.*, 850 F.2d 1480, 1483 (11th Cir.1988). Although the length of the limitations period is determined by state law, the dtermination of when a § 1983 action accrues is a question of federal law. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (and cases cited therein). The statute of limitations begins to run when the facts supporting the cause of action are apparent or would be apparent to a reasonable person, and when the plaintiff knows or has reason to know of his injury. *Id.*

Defendants assert that Plaintiff's claims against Officer Valverde and Sgt. Peterson are barred by the four-year-statute of limitations. In his Second Amended Complaint, Plaintiff asserts that Officer Valverde retaliated against him by confiscating his property on May 5, 2007. (Doc. 10, at 8.) Plaintiff asserts that Officer Valverde also issued a retaliatory disciplinary report at some point prior to May 5, 2007. Plaintiff's Second Amended Complaint does not state when Sgt. Peterson allegedly destroyed Plaintiff's personal property, but in his First Amended Complaint, Plaintiff identified that date as June 6, 2007. (Doc. 8, at 9.) In his Second Amended Complaint, Plaintiff "does not assert that the allegation should not be considered, that this fact changed, or that it was incorrect." *Stokes v. Owens*, No. 5:09-cv-326-RS-CJK, 2011 WL 5826051, at *2 (considering allegation contained in first amended complaint in analyzing motion to dismiss second amended complaint).

The instant case was filed on August 16, 2011, beyond the four-year limitations period. *Id*. Plaintiff argues that he originally filed his Complaint against Officer Valverde and Sgt. Peterson on November 15, 2010, in Case No. 5:10-cv-298-RS-CJK. That case was dismissed without prejudice for abuse of the judicial process on July 27, 2011. (Doc. 11.) Plaintiff argues that because the earlier case was dismissed without prejudice, the instant case asserting identical claims is timely. The statute of limitations, however, continues to apply to any new case filed, and it was Plaintiff's obligation to re-file within the limitations period after his prior case was dismissed. Accordingly, Plaintiff's claims against Officer Valverde and Sgt. Peterson are barred by the statute of limitations, and therefore must be dismissed pursuant to 28 U.S.C § 1915(e)(2)(B)(I). *See Clark v. Ga. Pardons and Paroles Bd*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (expiration of limitations period warrants dismissal as frivolous).

### *Claims Related to Disciplinary Reports*

Although Plaintiff's allegations against Officer Valverde are not entirely clear, Plaintiff appears to allege that she filed a false disciplinary report against him with retaliatory motive. (Doc. 10.) Plaintiff also appears to claim that Sgt. Dillard filed a false disciplinary report against him in retaliation for Plaintiff's state lawsuit against Officer Valverde, though this allegation does not appear in Plaintiff's statement of claims. Insofar as Plaintiff does intend to bring claims against Officers Valverde and Dillard for retaliatory filing of false disciplinary reports, these claims are barred.

Federal courts do not operate as appellate courts for prison disciplinary actions. The Eleventh Circuit has explained that "a prisoner cannot maintain a retaliation claim

when he is convicted of the actual behavioral violation underlying the alleged retaliatory false disciplinary report and there is evidence to sustain the conviction." *O'Bryant v. Finch,* 637 F.3d 1207, 1215 (11th Cir. 2011) (citing *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir.2008) (involving allegations of false disciplinary reports and concluding "claims of retaliation fail if the alleged retaliatory conduct violations were issued for the actual violation of a prison rule"); *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir.1994) (noting inmate alleged officer was lying but concluding that the finding of an actual violation of prison rules was based on some evidence of the violation and "essentially checkmates [the prisoner's] retaliation claim"); *Orebaugh v. Caspari*, 910 F.2d 526, 528 (8th Cir.1990) ("[N]o claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform.")). Thus, "[i]f a prisoner is found guilty of an actual disciplinary infraction after being afforded due process and there was evidence to support the disciplinary panel's fact finding, the prisoner cannot later state a retaliation claim against the prison employee who reported the infraction in a disciplinary report. Whether an inmate actually committed the charged infraction or whether the disciplinary report falsely accuses the inmate are questions of fact that are decided by the disciplinary panel." *Id*. Here, Plaintiff does not contend that his disciplinary convictions were not supported by evidence to support the disciplinary panel's finding of guilt. Indeed, Plaintiff acknowledges that he is not challenging the disciplinary reports, but is only bringing claims for retaliation. (Doc. 28, at 14.) Accordingly, insofar as Plaintiff's Second Amended Complaint could be read to include claims against Officers Valverde and Dillard for retaliation in filing false

disciplinary reports, these claims are due to be dismissed.

### *Failure to Exhaust Administrative Remedies*

The Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue, v. Pearson,* 2011 U.S. Dist. LEXIS 66950, *2-3 (S.D. Ga. 2011) (citing *Harris v. Garner,* 190 F.3d 1279, 1285-86 (11th Cir. 2005))*.* Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted. *See Jones v. Bock,* 549 U.S. 199, 211 (2002).

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12(b) and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008)*.* Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008)*.* The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

"Where exhaustion–like jurisdiction, venue, and service of process–is treated as a matter in abatement and not an adjudication on the merits, it is proper for a judge to

consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop the record." *Bryant*, 530 F.3d at 1376. Affording the district court this discretion advances the purposes of the PLRA: "Requiring jury trials to resolve factual disputes over the preliminary issue of exhaustion would be a novel innovation for a matter in abatement and would unnecessarily undermine Congress's intent in enacting the PLRA's exhaustion requirement[.]" *Id.* at 1376-77 (internal citations omitted).

The Florida Administrative Code provides a three-step administrative remedy process for inmates of facilities within the Florida Department of Corrections. With certain exceptions, inmates initiate the process by submitting an informal grievance. If the inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, he can file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance. *See* FLA. ADMIN. CODE § 33-103.005-008, § 33-103.011(c). Inmates are also permitted to file grievances directly to the Secretary's Office in limited situations such as emergency grievances, grievances of reprisals, or grievances of a sensitive nature. *Id.* at 33.103.007(6). If a direct grievance is received and deemed <u>not</u> to be a permissible direct grievance, it shall be "returned to the inmate with the reasons for return specified advising the inmate to resubmit his or her grievance at the appropriate level." *Id.* at 33.103.007(6)(d).

"'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from

litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

Defendants assert that Plaintiff's claims for retaliation against Officer Valverde, Sgt. Peterson, Sgt. Dillard, and Officer Smith are due to be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit. Defendants have filed the affidavit of J. Curtis Green, an employee of the FDOC's Bureau of Inmate Grievance Appeals in Tallahassee, Florida, who states that after review of the available grievance records, he located four grievance appeals filed by Plaintiff. (Doc. 22-4.) In his response to the motion to dismiss, Plaintiff asserts that the reason that prison records do not reflect more grievances is that "Defendants purposely sabotage [sic] my grievance procedure, would not properly respond to my lawsuit." (Doc. 28, at 10.) Plaintiff appears to argue that Defendants conspired to cover up their retaliatory activities by refusing to respond to his grievances, and that this behavior rendered the grievance process "unavailable" to him. *Id.* at 12. Plaintiff has pointed to no specific facts in support of this conclusory theory of conspiracy, however, and has supplied no documents that would lend credence to the idea that he submitted additional grievances that were lost or to which the FDOC did not respond. Accordingly, the Court will analyze Plaintiff's exhaustion of administrative remedies based on the available documents attached to the motion to dismiss.

Defendants assert that Plaintiff failed to exhaust his claims against Officer Valverde and Sgt. Peterson. Plaintiff filed a formal grievance asserting that the disciplinary report filed by Officer Valverde was false and that he was denied due

process. (Doc. 22-6, at 3-6.) At the conclusion of this grievance, Plaintiff cites general legal principles regarding retaliation, specifically: "No action shall be taken against an inmate as the result of the submission of a grievance or appeal. A claim of retaliation by officials against an inmate for filing lawsuit [sic] or filing of administrative grievance is cognizable in a civil rights suit pursuant to 42 U.S.C. § 1983." *Id.* at 7. This is the only mention of retaliation in Plaintiff's formal grievance, and his appeal to the Secretary of the FDOC argues only that the disciplinary report was false and does not mention retaliation. *Id.* at 1. With respect to the alleged deprivation of his personal property by Officer Valverde and Sgt. Peterson, Plaintiff filed an informal grievance, a formal grievance, and an appeal to the Secretary. The formal grievance and appeal do not mention retaliation at all, and the informal grievance repeats the same legal standard, above, but does not argue that Plaintiff's personal property was confiscated or destroyed in retaliation for some earlier act. (Doc. 22-7, at 1-9.) The Court already has determined that Plaintiff's claims against Officer Valverde and Sgt. Peterson are barred by the statute of limitations. Because Plaintiff failed to articulate his claim for retaliation in his formal grievances and on appeal, these claims are also due to be dismissed for failure to exhaust administrative remedies.

In March 2008, Plaintiff filed a direct grievance with the DOC Secretary. Plaintiff described his grievance as an "emergency grievance" for retaliation, and claimed that he had been pushed to the ground and kicked in retaliation for filing a state court lawsuit against Officer Valverde and Sgt. Peterson, and that Sgt. Dillard also retaliated against him by filing a false disciplinary report. (Doc. 22-8, at 1-2.) In response, the Secretary's office informed Plaintiff that the "grievance is not accepted as a grievance

of an emergency nature" and advised him to resubmit his grievance at the institutional level. *Id.* at 4. Plaintiff did not pursue the institutional grievance process. Plaintiff did file a formal grievance and appeal in which he asserted that Sgt. Dillard filed a false disciplinary report against him. Plaintiff argued in his formal grievance that this false report was filed in retaliation for his state court lawsuit, but he did not mention retaliation in his grievance appeal. These grievances did not mention any beating or other physical attack. (Doc. 22-9.)

The Court already has determined that Plaintiff's claim against Sgt. Dillard for filing a retaliatory disciplinary report is due to be dismissed under *O'Bryant v. Finch*. The Court also finds that Plaintiff did not comply with the grievance process with respect to both this claim and his claim that Sgt. Dillard and Officer Smith beat him and deprived him of adequate medical care. Because Plaintiff did not comply with the grievance process, under *Woodford v. Ngo* he did not properly exhaust administrative remedies. *Woodford v. Ngo,* 126 S. Ct. 2378, 2382 (2006); *see also Dimanche v. Brown*, Doc. 81, Case No. 4:11-cv-533-SPM-CAS (May 21, 2012) (granting motion to dismiss for failure to exhaust where inmate, alleging fear of being "gassed" with chemical agents in retaliation for filing grievances, failed to properly file his direct grievance to the Secretary). Plaintiff's failure to comply with the DOC's administrative grievance program deprived the institution of a fair opportunity to correct its own errors; to permit him to proceed without fulfilling the mandatory exhaustion requirement would undermine the very purpose of the PLRA exhaustion provision. *See, e.g., Woodford,* 126 S. Ct. at 2387-89. Plaintiff has not shown that administrative remedies were

unavailable to him and accordingly, the motion to dismiss should be granted.

### *Three Strikes*

28 U.S.C. § 1915(g) provides that:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants allege that Plaintiff had three "strikes" under § 1915(g), and therefore was ineligible to proceed *in forma pauperis* in the instant case without a showing that he was in imminent danger of serious physical injury. Defendants argue that Plaintiff's prior dismissals for failure to exhaust administrative remedies, failure to file within the required statute of limitations, and abuse of the judicial process all constitute strikes for the purpose of § 1915(g). The Court previously determined, after conducting an independent screening, that Plaintiff was entitled to proceed *in forma pauperis* in this case. (Doc. 5.) The Court construes Defendants' argument that Plaintiff is a "three-striker" as a motion for reconsideration of that Order. Where a case is dismissed for failure to exhaust administrative remedies, a strike will not necessarily be assessed unless the failure to exhaust appears on the face of the complaint. *See, e.g.*, *Adamson v. De Poorter*, No. 4:05-cv-23-MP-AK, 2008 WL 4382815, at *4 (N.D. Fla. Sept. 25, 2008). In light of the recommendation that this case be dismissed for the reasons stated above, the Court finds it unnecessary to reconsider the *in forma pauperis* determination.

## V.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' motion to dismiss (Doc. 22) should be **GRANTED**.

**IN CHAMBERS** this 14th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**